# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **ORLANDO PANKEY** | : | Case No. <u>1:18-cv-702</u> |
| **On behalf of himself and all** | : | |
| **Others similarly situated** | : | Judge _____ |
| c/o Matt Miller-Novak | : | |
| 708 Walnut St., Ste. 600 | : | |
| Cincinnati, OH  45202 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | |
| | : | |
| **HI-TEK MANUFACTURING, INC.** | : | |
| 6050 Hi-Tek Court | : | |
| Mason, OH  45040 | : | |
| | : | |
| **Also Serve Statutory Agent** | : | |
| Q1 Services, Inc. | : | |
| 150 East Fourth Street | : | |
| Cincinnati, OH 45202-4186 | : | |
| | : | |
| -And- | : | |
| | : | |
| **AEROTEK, INC.** | : | |
| 5191 Natorp Blvd. | : | |
| Mason, OH  45040 | : | |
| | : | |
| **Also Serve Statutory Agent** | : | |
| CSC Agent | : | |
| 50 West Broad Street | : | |
| Columbus, OH 43215 | : | |
| | : | |
| -And- | : | |
| | : | |

| | |
|---|---|
| **AAIM EA TRAINING AND CONSULTING, LLC**<br>1600 S. Brentwood Blvd., Ste. 400<br>St. Louis, MO  63144<br><br>        Defendants. | :<br>:<br>:<br>:<br>:<br>: |

_____

### CLASS ACTION COMPLAINT WITH JURY DEMAND
_____

Plaintiff Orlando Pankey on behalf of himself and all others similarly situated states the following for his claims against Defendants HiTek, AeroTek, and AAIM EA Training and Consulting, LLC:

### PRELIMINARY STATEMENT

1.    This is a class action brought by Individual and Representative Plaintiff Orlando Pankey on his own behalf and on behalf of the proposed class identified below who were unlawfully denied pre-adverse employment decision copies of their consumer reports and rights in violation of the Fair Credit Reporting Act under 15 U.S.C. § 1681b(b) ("FCRA") during the two-year period preceding the filing of this Action (the "Class Period").

### PARTIES

2.    Orlando Pankey ("Plaintiff" or "Pankey") is an individual who resides in Hamilton County, OH, and is a "consumer" as defined by 15 U.S.C. § 1681a.

3.    Defendant HiTek Manufacturing, Inc. is a corporation ("HiTek"), which is registered in Ohio and does business in Butler County, OH.  At all relevant times, HiTek was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers," as those terms are defined by 15 U.S.C. § 1681a.

2

4. Defendant Aerotek, Inc. ("Aerotek") is a corporation, which is a global staffing agency, does business in Butler County, OH, and is registered as a foreign corporation with the Ohio Secretary of State. At all relevant times, Aerotek was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers," as those terms are defined by 15 U.S.C. § 1681a.

5. Defendant AAIM EA Training and Consulting, Inc. ("AAIM") is a corporation headquartered in Missouri, which conducts consumer background checks in Ohio and other states. At all relevant times, AAIM was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers," as those terms are defined by 15 U.S.C. § 1681a.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under a federal law, the Fair Credit Reporting Act. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this District and Division because the events complained of occurred in this District and Division.

## PANKEY'S EXPERIENCE

8. Orlando Pankey was working for Aerotek as a temporary employee in the beginning of 2018.

9. Aerotek is a temporary employment agency.

10. Pankey was informed that HiTek had a fulltime position, and Aerotek encouraged Pankey to apply to it.

3

11. Aerotek processed Pankey's application for full-time employment with HiTek, and it conducted itself as a middle-man between Pankey and HiTek during the hiring process.

12. Upon information and belief, Aerotek receives compensation from HiTek and other companies for providing services related to the hiring of certain employees.

13. In April of 2018 after Pankey applied, HiTek interviewed Pankey, and it offered him a position at HiTek.

14. HiTek and Aerotek then informed Pankey that he would be subjected to a background check.

15. AAIM sent Pankey a form for his background check.

16. AAIM is a company that acts as a third-party, employer service company, which assists companies with the hiring and screening process and other employment needs.

17. As part of its hiring process services, AAIM conducts consumer background checks during a company's hiring process.

18. AAIM provided these services for HiTek and Aerotek regarding Pankey's hiring process.

19. Only a couple weeks after he was offered employment, HiTek informed Pankey that his offer of full time employment with HiTek was rescinded after he submitted to AAIM's background check.

20. On or about April 25, 2018, Pankey inquired with Defendants verbally and in writing as to why his employment offer was rescinded, and he was told by Defendants HiTek and AeroTek that his offer was withdrawn because of issues that appeared in his background check.

21. At this time, none of the Defendants had sent Pankey any written copy of his FCRA-required report or even bothered to give him any notice of what was discovered in his report.

22. No Defendants had given Pankey any notice of his statutory rights relating to his background consumer report under the FCRA.

23. Pankey then asked Defendants to provide him a copy of his FCRA report.

24. Defendant Aerotek did not deny having knowledge of the report's content, but it refused to provide Pankey a copy of the report or any explanation of its contents.

25. In addition, Defendant HiTek refused to provide Pankey a copy of his report or give him any explanation of its contents.

26. Instead, all Defendants invaded Pankey's consumer privacy after he was offered employment, all Defendants took adverse employment actions based on Pankey's FCRA report, and all Defendants failed to provide Pankey with a copy of his FCRA report before and after relying on it to make an adverse decision under the FCRA.

27. Moreover, Defendants HiTek and Aerotek specifically refused to provide a written copy of the FCRA report or notice of its contents after Pankey specifically requested his report.

## CLASS ALLEGATIONS

28. Defendants HiTek and Aerotek purchase and rely upon consumer reports as a basis for taking adverse actions against job applicants.

29. All Defendants fail to provide applicants with pre-adverse actions notices, including copies of applicants' consumer report and a statement of the applicants' rights as required by 15 U.S.C. § 1681b(b)(3)(A) before taking adverse employment actions.

30. Defendants' violations of the FCRA have been willful in that Defendants knew or recklessly disregarded that they were failing to comply with the requirements of the FCRA. Alternatively, Defendants' actions were negligent.

31. Plaintiff (as a "Federal Class Representative") brings this Action on behalf of himself and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined classes:

> **Federal Class 1**: All employees or prospective employees of Aerotek who were the subject of a consumer report, which was used by Aerotek to make employment decisions during the applicable statute of limitations period as established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, and who applied for employment in person and against whom Aerotek took adverse actions based in whole or in part on information contained in the consumer report before providing a copy of the consumer report and a written summary of rights as required by 15 U.S.C. § 1681b(b)(3)(A)(i) and (ii).
>
> **Federal Class 2:** All employees or prospective employees of HiTek who were the subject of a consumer report, which was used by HiTek to make employment decisions during the applicable statute of limitations period as established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, and who applied for employment in person and against whom HiTek took adverse actions based in whole or in part on information contained in the consumer report before providing a copy of the consumer report and a written summary of rights as required by 15 U.S.C. § 1681b(b)(3)(A)(i) and (ii).
>
> **Federal Class 3**: All employees or prospective employees who were the subject of a consumer report, which was used by AAIM to make adverse decisions during the applicable statute of limitations period as established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, and who applied for employment in person and against whom AAIM took adverse actions based in whole or in part on information contained in the consumer report before providing a copy of the consumer report and a written summary of rights as required by 15 U.S.C. § 1681b(b)(3)(A)(i) and (ii).

32. <u>Numerosity</u>: The Federal Classes are so numerous that joinder of all members is impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendants, and the Federal Class members may be notified of the pendency of this action by published and/or mailed notice.

33. <u>Typicality</u>: Pankey's claims are typical of the members of the Federal Classes. Like other class members, Pankey was required to submit to a consumer report after an offer an employment, a person relied on his consumer report to make an adverse employment decision, and he never received a copy of his relied-upon consumer report.

34. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of a consumer violation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against corporate defendants, such as these Defendants.

35. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interest of the Federal classes.

36. The Class representative has retained counsel experienced in complex class litigation.

37. Pankey is a member of each Class and neither Pankey nor his counsel have any interest antagonistic to or in conflict with the members of the Federal Classes he seeks to represent. Pankey is aware of his responsibilities to the putative classes and has accepted such responsibilities.

38. <u>Commonality</u>: Common questions of law and fact exist as to all members of each Federal Class and predominate over any questions solely affecting individual members of each Federal Class, including but not limited to:

    a. Whether Defendants unlawfully failed to provide a copy of a FCRA report before relying on that report to make an adverse employment decision;

    b. The proper measure of damages sustained by each Federal Class; and

    c. Whether Defendants' actions were "willful."

39. This case is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1) because prosecution of actions by individual members of each Federal Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

40. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to each Federal Class predominate over any questions affecting only individual members of each Federal Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied each Federal Class the appropriate notice before adverse employment decisions were made in reliance upon a FCRA report. The damages suffered by the individual members of each Federal Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

41. Plaintiff intends to send notice to all members of each Federal Class to the extent required by Rule 23. The names and addresses of each Federal Class are available from Defendants.

## CLAIM FOR RELIEF – COUNT I

**(Individually and on behalf of each Federal Class: Violations of the Fair Credit Reporting Act)**

42. Pankey restates and incorporates all previous paragraphs.

43. Pankey and the class members are consumers under the FCRA.

44. All Defendants are persons under the FCRA and as it applies to 15 U.S.C. § 1681b.

45. Pankey was hired to work for HiTek.

46. Pankey was forced to submit to a consumer background check, which fell under the purview of the FCRA.

47. After conducting the consumer background check, Defendants took an adverse action regarding Pankey because of the results of his background check.

48. In fact, Defendants specifically informed Pankey that his employment offer with HiTek was rescinded because of the results of his AAIM Check.

49. Nonetheless, Defendants never provided Pankey with a written copy of his consumer report as required by the FCRA.

50. Defendants also never provided Pankey with a written summary of his statutory rights under the FCRA.

51. Thus, Defendants took an adverse action based on Pankey's consumer report without providing a copy of the report and his notice of rights as required by 15 U.S.C. § 1681b(b).

52. In addition, Pankey specifically requested a copy of his background report when his offer of employment was revoked because of his background check.

53. Defendants refused to provide him a copy of his report or even an explanation of what was in his report after Pankey requested this information.

54. In fact, Defendants told Pankey that they don't share that information.

55. Defendants damaged Pankey in an amount to be proven at trial.

56. Defendants each acted willfully and in conscious disregard of Pankey's rights.

**WHEREFORE**, Pankey respectfully requests that this Court find for him and each Federal Class and award them the following:

  a. An order certifying this Action as a class action under Rule 23;
  b. That Defendants have violated the FCRA as to Pankey and each Federal Class;
  c. That Defendants' acts were willful and entitle Pankey and each Federal Class member to all available statutory damages;
  d. Any compensatory damages available;
  e. Interest;
  f. Attorney fees;
  g. Punitive damages;
  h. Court costs and litigation expenses; and
  i. Any other relief available at law or in equity.

Respectfully Submitted,

*/s/ Matt Miller-Novak*
Matthew-Miller Novak (0091402)
GODBEY LAW
708 Walnut Street, Suite 600
Cincinnati, Ohio 45202
PH: 513/241-6650 – FX: 513/241-6649
*Matt@godbeylaw.com*

-and-

Brian P. Gillan (0030013)
FREKING MYERS & REUL LLC
600 Fine Street, 9th Floor
Cincinnati, Ohio 45202
PH: 513/721-1975 – FX: 513/651-2570
*bgillan@fmr.law*

***Co-Counsel for Plaintiffs***

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all matters so triable.

*/s/ Matt Miller-Novak*