**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Orlando Pankey, : <br> : <br>     Plaintiff, : <br> : <br>     v. : <br> : <br> Defendant Hi-Tek Manufacturing, Inc., et al., : <br> : <br>     Defendants. : | Case No. 1:18-cv-00702 <br><br> Judge Michael R. Barrett |

## **ORDER**

This matter is before the Court on Defendant Aerotek, Inc.'s ("Aerotek") Motion to Compel Individual Arbitration and Dismiss or Stay Proceedings. (Doc. 11). Plaintiff responded[1] (Doc. 16) and Defendant Aerotek replied (Doc. 21). Defendant Hi-Tek Manufacturing, Inc. ("Hi-Tek") did not join Defendant Aerotek's Motion.

## **I. BACKGROUND**

Plaintiff brings this purported class action against Defendants for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). He asserts that "Defendants took an adverse action based on [his] consumer report without providing a copy of the report and his notice of rights as required by 15 U.S.C. § 1681b(b)." (Doc. 1).

---

[1] Although Plaintiff request oral argument in the caption of his Response, he does not state the grounds for his request in the body of the Response (Doc. 16); *see* S.D. Ohio Civ. R. 7.1(b)(2). The Court does not deem oral argument essential to the fair resolution of this matter and denies Plaintiff's request. *See id.*

Moreover, Plaintiff places all legal citations in footnotes. (Doc. 16). *But see* Standing Order on Civil Procedures, Michael R. Barrett, I.G. ("all briefs and memoranda shall comport with the following: . . . Citations to be in main body of text and not in footnotes").

Defendant Aerotek is a temporary employment agency and Plaintiff worked for Aerotek as a temporary employee starting January 2018. (*Id.*). On January 18, 2018, Plaintiff and Defendant Aerotek entered into a Mutual Arbitration Agreement ("Agreement"). (Doc. 11, Attachment 1, PageID 72-74). The Agreement includes a class-action waiver provision. (*Id.*). Defendant Hi-Tek is a corporation and was hiring full-time employees around April 2018. (Doc. 1). "Defendant Aerotek processed [Plaintiff]'s application for full-time employment with Defendant Hi-Tek." (*Id.*). In April 2018, Defendant Hi-Tek offered Plaintiff full-time employment subject to a background check.[2] (*Id.*). A few weeks later, Defendant Hi-Tek rescinded Plaintiff's employment offer allegedly due to the results of his background check. (*Id.*). Plaintiff requested that Defendants provide him a copy of his consumer report and Defendants allegedly refused. (*Id.*).

In October 2018, Plaintiff filed his Complaint with the Court. In November 2018, Defendant Aerotek requested that Plaintiff voluntarily stipulate to dismiss his claims against it in favor of individual arbitration in light of the Agreement. (Doc. 11, Attachment 2). Plaintiff declined. (*Id.*). Defendant Aerotek moves to dismiss Plaintiff's claims against it and compel individual arbitration pursuant to the Agreement and the Federal Arbitration Act ("FAA"). (Doc. 11).

## II. The Agreement

The opening paragraph of the Agreement states that:

As consideration for my application for and/or my employment with Aerotek, Inc and for the mutual promises herein, I and the Company (as defined below) (each a "party" and collectively "the parties") agree that:

---

[2] For purposes of this order only, and at this time, the Court assumes that Plaintiff's background check is a "consumer report" as defined by the FCRA. 15 U.S.C. § 1681a(d).

2

> Except (i) as expressly set forth in the section, "Claims Not Covered by this Agreement," all disputes, claims, complaints, or controversies ("Claims") that I may have against Aerotek, Inc and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/or any of its clients or customers (collectively and individually "the Company"), or that the Company may have against me, including contract claims; tort claims; discrimination and/or harassment claims; retaliation claims; claims for wages, compensation, penalties or restitution; and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to my application for employment with the Company, and/or my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of my employment with the Company (collectively "Covered Claims"), are subject to confidential arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury. The parties hereby forever waive and give up the right to have a judge or jury decide any Covered Claims.

(Doc. 11, Attachment 1, PageID 72) (emphasis omitted). The Agreement includes the following provision: "[t]o the maximum extent permitted by applicable law, the parties agree that: No Covered Claims may be initiated or maintained on a class action, collective actions, or representative basis either in court or arbitration." (*Id.*)

### III. ANALYSIS

#### a. Standard of Review

The burden of proving that a claim is non-arbitrable rests on the party refusing arbitration. *See American Exp. Co. v. Italian Colors Restaurant*, 570 U.S. 228, 243, 133 S.Ct. 2304, 2315, 186 L.Ed.2d 41 (citing *Green Tree Fin. Corp.-Ala v. Randolph*, 531 U.S. 79, 91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)).

The FAA "promotes 'a liberal federal policy favoring arbitration agreements,' and [establishes that] 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'" *Mason v. Synchrony Bank*, Case No. 3:17-cv-314, 2018

WL 527981, at *2 (S.D. Ohio Jan. 22, 2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). Nevertheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."[3] *AT&T Techs. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986) (internal quotations omitted).

A court has four tasks when deciding a motion to compel arbitration: (1) it must determine whether the parties agreed to arbitration; (2) it must determine the scope of the arbitration agreement at issue; (3) if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and, (4) if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

### b. Whether the Parties Agreed to Arbitration

Plaintiff does not dispute that he and Defendant Aerotek entered into the Agreement. (Doc. 16). Moreover, he does not address Defendant Aerotek's argument that the Agreement's class action waiver is valid and enforceable under *Epic Systems Corp. v. Lewis*, ___ U.S. ___, 138 S.Ct. 1612 (2018) (holding that arbitration agreements that require employees to waive collective action under the Fair Labor Standards Act are enforceable*); see Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293 (6th Cir. 2018). The Court will construe Plaintiff's silence as to the property of individual arbitration as a concession.

---

[3] "Because arbitration agreements are fundamentally contracts, [the Court reviews] the enforceability of an arbitration agreement according to the applicable state law of contract formation." *Tillman v. Macy's, Inc.*, 735 F.3d 453, 456 (6th Cir. 2013). The parties agree that Maryland law applies. (Doc. 11 at PageID 62); (Doc. 16 at PageID 100); *see* Doc. 11, Attachment 1, PageID 73).

Accordingly, the Court finds that Plaintiff and Defendant Aerotek agreed to individual arbitration.

**c. Scope of the Agreement**

Plaintiff argues that this matter is beyond the scope of the Agreement, as he "is not asserting any claims relating to his employment at Aerotek." (Doc. 16 at PageID 101). Defendant Aerotek counters that because Plaintiff's "claims against Aerotek arise out of his application for employment at Aerotek's *customer*, Hi-Tek, they clearly fall within the scope of the agreement." (Doc. 21 at PageID 117) (emphasis in original).

The plain language of the Agreement defines "**the Company**" as "**Aerotek, Inc** and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, **and/or any of its** clients or **customers (collectively and individually "the Company"**)." (Doc. 11, Attachment 1, PageID 72) (emphasis added). In the Complaint, Plaintiff alleges that Aerotek is a temporary employment agency, he worked for Aerotek as a temporary employee, and Aerotek encouraged him to apply to a full-time employment position at Hi-Tek. (Doc. 1 ¶¶ 8-10). Plaintiff alleges that "Aerotek processed [his] application for full-time employment with HiTek, and [Aerotek] conducted itself as a middle-man between [him] and HiTek during the hiring process" and "Aerotek receives compensation from HiTek . . . for providing services related to the hiring of certain employees." (*Id.* ¶¶ 11, 12). In his Response, he further alleges that "Defendant Aerotek [] acted as a middleman and Hi-Tek's agent during the hiring process" and "Aerotek acted as Hi-Tek's hiring agent . . . in effecting [Plaintiff]'s employment relationship with Hi-Tek." (Doc. 16 at PageID 97-98). Plaintiff reiterates that "Aerotek received compensation from acting as a middleman." (*Id.* at PageID

98). Moreover, Plaintiff concedes that his claims relate "to his application and denial of employment with Hi-Tek." (*Id.* at 99).

Plaintiff does not address the Agreement's definition of "the Company," which includes Defendant Aerotek's customers, and his reading of the Agreement improperly substitutes the word "Aerotek" for the phrase "the Company." (Doc. 11, Attachment 1, PageID 72); (Doc. 16). Plaintiff's above allegations describe a relationship wherein Defendant Aerotek receives payment from Defendant Hi-Tek for Aerotek's services. However, Plaintiff's reading of the Agreement would have the Court ignore the relationship between Plaintiff (a temporary employee), Defendant Aerotek (a temporary employment agency that Plaintiff worked for), and Defendant Hi-Tek (a corporation seeking to fill a full-time employment position with Defendant Aerotek's assistance). The Court finds that Defendant Hi-Tek is Defendant Aerotek's customer. This finding coupled with Plaintiff's concession that his claims relate to his application for employment with Hi-Tek compel the conclusions that Plaintiff has not met his burden of proving that his claims are non-arbitrable and his claims fall within the scope of the Agreement. *See American Exp. Co.*, 570 U.S. at 243.

### d. Whether Claims are Arbitrable

Plaintiff brings his one count against both Defendants under the FCRA. (Doc. 1 at PageID 9-10). "There is no indication that Congress intended to preclude the arbitration of FCRA claims and courts have held that such claims are arbitrable." *McMahan v. Byrider Sales of Indiana S, LLC*, No. 3:17-CV-00064-GNS, 2017 WL 4077013, at *4 (W.D. Ky. Sept. 14, 2017), *appeal dismissed*, No. 17-6176, 2017 WL 6804105 (6th Cir. Dec. 5, 2017); *see Fox v. TransUnion, LLC*, No. 1:17-CV-362, 2018 WL 5313453, at *4 (S.D. Ohio Oct.

26, 2018) ("Courts within the Sixth Circuit have routinely held that FCRA claims can be appropriately resolved through arbitration."). The Court finds that Plaintiff's FCRA claims are arbitrable and will compel Plaintiff to arbitrate his claims against Defendant Aerotek.

### e. Dismiss or Stay

Defendant Hi-Tek has not moved to compel arbitration. Defendant Aerotek requests that the Court dismiss this matter as to Aerotek, as all of Plaintiff's claims against it are subject to arbitration, but does not discuss the impact, if any, on Defendant Hi-Tek's failure to move to compel arbitration. (Doc. 11). Plaintiff did not provide an argument regarding the propriety of dismissing the matter versus staying the matter. (Doc. 16).

The Court will stay this matter pending the conclusion of arbitration between Plaintiff and Defendant Aerotek. *See Gray v. Bush*, 628 F. 3d 779, 785 (6th Cir. 2010) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *see also Liedtke v. Frank*, 437 F. Supp. 2d 696, 700 (N.D. Ohio 2006) ("explaining that courts have discretion to stay claims against nonarbitrating parties") (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n. 23, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

### IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant Aerotek's Motion to Compel Individual Arbitration and Stay Proceedings (Doc. 11) against it is **GRANTED** and the action against Defendant Aerotek is **STAYED**. It is further **ORDERED** that the action against Defendant Hi-Tek is **STAYED** pending the conclusion of the arbitration. The parties

shall jointly notify the Court, in writing, within twenty-one (21) days after the conclusion of the arbitration.

**IT IS SO ORDERED.**

                                      _s/ Michael R. Barrett_____
                                      Hon. Michael R. Barrett
                                      United States District Judge